UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

THOMAS MACLEOD,
    (Petitioner),

v.

                      C.A. 04-11629-PBS

DAVID NOLAN,
    (Respondent)

PETITIONER'S MOTION FOR AN EXTENSION OF TIME

    Now comes the above named petitioner and respectfully requests this Honorable Court to allow him an Extension of Time to file a brief in this matter.

    The Court Ordered a " Briefing Order" that is due on September 27,2004. The petitioner acting pro se cannot file the brief by 9/27/04, because of his incarceration at a maximum security prison. And because of the limited availability of the prisons law library and the prisons many lockdowns.

    THEREFORE, the petitioner asks that he be ALLOWED up and till November 15,2004 to submit his brief in support of the Petition for a Writ of Habeas Corpus, in the interest of justice.

DATED: September 20,2004

By the Petitioner,

Thomas MacLeod
MCI-CJ
P.O. Box 100
South Walpole, MA.
      02071

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action
No: 04-11629-PBS

Thomas MacLeod,
Petitioner,

v.

David Nolan,
Respondent.

## BRIEFING ORDER

SARIS, D.J.

The petition for Writ of Habeas Corpus in this action was filed on July 16, 2004. In order to complete the record, the Petitioner is hereby directed to file and serve a brief in support of the petition for habeas corpus on or before September 27, 2004, and the Respondent is hereby directed to file and serve a brief in opposition to the petition on or before October 27, 2004.

By the Court,

/s/ Robert C. Alba
Deputy Clerk

August 25, 2004

To: All Counsel



UNICOR FEDERAL PRISON INDUSTRIES, INC.
LEAVENWORTH, KANSAS – Phone (913) 682-8700 ext. 465

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM *Directors B.O.P. and F.M.C. Devens*
SEP 98
U.S. DEPARTMENT OF JUSTICE *Attorney Generals* FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Directors, Warden Winn, Ed. Gov. Staff | DATE: 9-17-04 |
|---|---|
| FROM: Joseph Marion Head Junior | REGISTER NO.: 17549-056 |
| WORK ASSIGNMENT: Ed. ORD. | UNIT: N-4 Cell 423 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.) Double Jeopardy Re: State v Head 73CR5057 - 74CR2403 For example, the *Blocburger* test applies where prosecution for a greater offense follows or precedes prosecution for an included offense. Since the greater offense contains every element of the included offense, prosecution for the lesser offense is barred.

Felony-murder prosecution precluded subsequent prosecution for predicate felony, Payne v Virginia 468 U.S. 1062 (1984)

Prosecutor must decide which degree he will send the case to the jury, at the close of the case and when the prosecutor rest his case. Prosecutor must not seek an indictment to a greater degree than he can legally prove at trial. The defendant cannot be tried on greater and lesser degrees in the same trial. The indictment was for only the one degree. The defendant cannot

DISPOSITION: enter a plea to a charge or degree not charged in the indictment.

Signature Staff Member    Date