UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS MACLEOD,
        (Petitioner),

v.
                                    C.A. 04-11629-PBS
DAVID NOLAN,
        (Respondent).

PETITIONER'S MOTION TO SUPPLEMENT
THE RECORD

    Now comes the above Petitioner and respectfully moves this Honorable Court To Supplement The Record. It has become apparent that the Record is inadequate and requires additional information.

    The additional edification consists of the trial judges 'Denial' of Petitioners Motion For Funds (Exhibit A) and the first page of the second grand jury (Habitual offense), as (Exhibit B), a second attorney letter, (Exhibit C).

    In the interest of jutice this Supplement should be ALLOWED.

DATED: October 17, 2004

By the Petitioner,

Thomas MacLeod
MCI-CJ
P.O. Box 100
South Walpole, Ma.
    02071

EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK,ss

SUPERIOR COURT
CR. # 99-10201

COMMONWEALTH

V.

THOMAS MacLEOD

## MEMORANDUM OF LAW and ORDER
[On Defendant's Motion For Funds]

On November 1, 1999 the defendant, Thomas MacLeod (Mr. MacLeod), pled guilty to breaking and entering with the intent to commit a felony as a habitual criminal pursuant to G.L. c. 266 §18 and c. 279 §25, respectively. He received a sentence of ten years to ten years and one day[1] to run concurrent with a sentence being served from Middlesex Superior Court and the sentence was imposed nunc pro tunc to May 17, 1999.

Mr. MacLeod moves for funds for an investigator claiming he was lawfully on the premises in question. There is a claim he received no benefit from pleading guilty as an habitual offender. As his counsel stated at the end of the plea colloquy he is parole eligible after serving ½ of his sentence pursuant to G.L. c. 127 §133B which is substantially less time than a straight sentence imposed under G.L. c. 266 §18.

However, notwithstanding the claim of no benefit from pleading guilty as an habitual offender, a review of the statement of facts recited by the ADA during the colloquy which Mr. MacLeod acknowledged as being true leaves no doubt that he committed the offense.

---

[1] The sentence will be corrected to reflect the maximum allowable under the statute which is ten years.

## ORDER

In the exercise of my discretion, I deny the motion for funds.

*Elizabeth Bowen Donovan*
Elizabeth Bowen Donovan
Justice of the Superior Court

Date: February 6, 2002


EXHIBIT B

```
                                        No. of Pages:  5

             COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPERIOR COURT


                    SUFFOLK COUNTY

                      GRAND JURY

                  RE:  THOMAS MacLEOD

                  NO(s).  SUCR99-10201



   Presented By:   EDMUND ZABIN, ESQ.

                   Assistant District Attorney

   Also Present:   ELLEN LOPEZ, ESQ.

                   Assistant District Attorney




                              _____

                              Friday, March 5, 1999

                              Boston, Massachusetts




J & K COURT REPORTING, P.O. Box 321, Swampscott, MA   01907

KC      (978) 538-0296          FAX: (978) 744-6476      KC

***************COMPUTER AIDED TRANSCRIPTION***************
```

EXHIBIT C

10-06-02

Thomas MacLeod
1 Administration Road
Bridgewater, MA 02324

Dear Tom,

Hey, how are you. I got your letter and understand you have a new attorney. I have a call into her (Alba Doto Baccari) and I'm waiting for her return call.

When you speak to Attorney Baccari, please let her know I'll do whatever I can to help out. That's a promise!

Please write me a more detailed letter and explain to me what's going on or have Attorney Baccari call me ASAP

Hope all is as well as it can be!

Your friend,
Dave Donahue

P.S. Hope all goes well with New Trial.





BOSTON MA 0215 PM 09 OCT 2002



LEGAL MAIL

Mr. Thomas Macleod
1 Administration Road
Bridgewater, MA 02324



02324+3230 93

Law Offices of
David C. Donahue
556 Cambridge Street
Boston MA 02134