UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
THOMAS MACLEOD,                         )
                                        )
                Petitioner,             )
                                        )
v.                                      )        Civil Action No. 04-11629-PBS
                                        )
DAVID NOLAN,                            )
                                        )
                Respondent.             )
_____)

## MEMORANDUM IN OPPOSITION TO PETITION FOR HABEAS CORPUS

This memorandum of law is submitted in opposition to the petition for a writ of habeas corpus filed by Thomas MacLeod ("the petitioner").  As argued in this memorandum, the petition must be denied where the petitioner cannot demonstrate that the state court's adjudication of his claim on the merits resulted in a decision that was contrary to or an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or an unreasonable determination of the facts in light of the evidence presented in the state court.

## PRIOR PROCEEDINGS

On March 5, 1999, a Suffolk County grand jury returned indictments against the petitioner for breaking and entering a building with intent to commit a felony as a habitual criminal (S.A. 1).[1]  On November 1, 1999, Justice Elizabeth Donovan accepted the petitioner's guilty plea on the charge following a colloquy (S.A. 1, 3/7).  Based on a joint recommendation between the prosecutor and defense counsel, the judge then sentenced

_____

[1] The respondent's supplemental answer will be referred to as (S.A. --).

the petitioner to ten years to ten years and one day, to be served concurrently with a sentence he was already serving at the House of Correction (S.A. 1, 3/7). The petitioner subsequently filed, and the court allowed, a motion to correct sentence making the sentence a straight ten years in accordance with the applicable Habitual Criminal sentencing statute. (S.A. 1). See M.G.L. c. 279, § 25.

On August 7, 2000, the petitioner, pro se, filed a motion for new trial (S.A. 1). Two years later, on November 22, 2002, the petitioner, represented by new counsel, filed a supplement to his motion for new trial, which included an affidavit by the petitioner and a memorandum of law (S.A.1, 3/9). Justice Donovan conducted a hearing on the petitioner's motion for new trial on May 8, 2003 (S.A. 1). On May 15, 2003, Justice Donovan entered a memorandum of decision and order denying the petitioner's motion for new trial (S.A.1, 3/14).

On appeal, the petitioner raised two claims: 1) that the trial court erred in denying the motion for new trial where he was not afforded his constitutional right to a jury trial on the habitual offender portion of the charge; and 2) trial counsel was ineffective in coercing petitioner to plead guilty and waive his right to a fair trial (S.A. 2). The Massachusetts Appeals Court affirmed the denial of the motion for new trial in a Memorandum and Order Pursuant to Rule 1:28 on May 13, 2004, 61 Mass. App. Ct. 1105, 808 N.E.2d 331 (S.A. 5). The petitioner sought further appellate review in the Supreme Judicial Court, raising the same claims (S.A. 6), but his application for such review was denied on June 30, 2004. 442 Mass. 1104, 810 N.E.2d 1229 (S.A. 7).

The petitioner filed the instant petition for habeas corpus on July 16, 2004. The respondent filed an answer and supplemental answer on August 24, 2004.

2

## STATEMENT OF FACTS

The state court's recitation of the facts of the petitioner's crimes is entitled to the presumption of correctness under 28 U.S.C. §2254(e)(1).  *See Gunter v. Maloney*, 291 F.3d 74, 76 (1st Cir. 2002); *Sanna v. DiPaolo*, 265 F.3d 1, 7 (1st Cir. 2001); *Coombs v. Maine*, 202 F.3d 14, 18 (1sr Cir. 2000).  The AEDPA presumption of correctness applies to all "basic, primary, or historical facts" underlying the state court's conclusion.  *Gunter v. Maloney*, 291 F.3d at 76; *Sanna v. DiPaolo*, 265 F.3d at 7.  In addition, the presumption of correctness extends to factual determinations made by both state trial and appellate courts. *Rashad v. Walsh*, 300 F.3d 27, 34 (1st Cir. 2002), and to any factual findings implicit in the state court's ruling.  *LaVallee v. Delle Rose*, 410 U.S. 690, 692 (1972); *Weeks v. Snyder*, 219 F.3d 245, 258 (3d Cir.), *cert. denied*, 531 U.S. 1003 (2000).   As the First Circuit has noted, "[a] habeas petitioner must clear a high hurdle before a federal court will set aside any of the state's factual findings."  *Mastracchio v. Vose*, 274 F.3 590, 598 (1st Cir. 2001).  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254 (e)(1).

The trial judge, who also decided the motion for new trial in this case found the following facts with respect to the petitioner's plea colloquy:

> The transcript of the plea colloquy is clear that the defendant was informed of the constitution [sic] rights he waives by pleading guilty including the right to a trial, with or without a jury.  The prosecutor set forth the facts he would prove for the breaking and entering in the daytime.  He continued by reciting the convictions which supported the habitual charge.
>
> Mr. MacLeod was asked if he heard the facts recited by the prosecutor.  He answered YES.  After admitting the facts recited were true and he did in fact commit the acts, Mr. MacLeod was asked if he was the same person convicted on the two charges in support of the habitual offender part of the indictment.  As to each conviction he responded yes.

(S.A. 3/14) (emphasis in original).

The Massachusetts Appeals Court found similar facts in its determination of the

petitioner's appeal from the denial of his motion to withdraw his guilty plea:

> In the course of the plea colloquy the judge advised the defendant that by pleading
> guilty he waived his right to trial by jury on the indictment.  The colloquy occurred in
> the context of the clerk, the judge, and the prosecutor each addressing the habitual
> offender aspect of the indictment.  The defendant memorialized his waiver by
> signing a jury waiver form.

*Commonwealth v. MacLeod*, 61 Mass. App. Ct. 1105, 808 N.E.2d 331 (2004) (S.A. 5).

<u>**ARGUMENT**</u>

**<u>Standard of Review</u>**

Habeas corpus review of claims previously adjudicated by state courts is both limited

and highly deferential:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

28 U.S.C. § 2254(d).  This "highly deferential standard for evaluating state-court rulings"

reflects the overarching structure of the federal habeas corpus scheme, which vests

"primary responsibility" for evaluating federal law claims raised in criminal trials in the state

courts, courts which must be presumed in habeas corpus courts to know and follow the

law.  *Woodford v. Visciotti*, 537 U.S.19, 24, 27 (2002) (per curiam).  Thus, as the Supreme

4

Court has repeatedly emphasized, it is not sufficient to warrant habeas corpus relief that the state court's decision was erroneous or incorrect. *Id.* at 27; *Williams v. Taylor*, 529 U.S. 362, 412 (2000). It is not even sufficient that the state court "failed to apply" Federal law clearly established by the Supreme Court, *Early v. Packer*, 537 U.S. 3, 10 (2002) (per curiam), or that the state court committed "clear error," or that the reviewing court is of the "firm conviction" that the state court's ruling was erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Rather, federal courts must decline to intervene to disturb state court judgments unless petitioner demonstrates that his claim falls into one of the narrowly drawn categories set forth in the statute. "Under § 2254(d)(1), the writ may only issue if one of . . . two conditions is satisfied . . . ." *Williams*, 529 U.S. at 412. "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. *Id.* at 412-13. The analysis under the "unreasonable application" clause is distinct, and relief is available only if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. To be entitled to relief under the latter clause, the burden is on petitioner to show that the state court decision applied the clearly established law in an "objectively unreasonable" manner. *Id.* at 409-10. Since "[a]pplying a general standard to a specific case can demand a substantial element of judgment," "[t]he more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." *Yarborough v. Alvarado*, 124 S. Ct. 2140, 2149 (2004). The clearly

5

established law that is relevant to the analysis under § 2254(d)(1) is limited to the holdings of United States Supreme Court cases extant at the time of the state court decision, and does not include the dicta of such cases. *Id.* at 2147; *Williams*, 529 U.S. at 412.

Factual determinations of state courts are granted similar deference. To satisfy § 2254(d)(2), a petitioner must show that the state's factual determination was objectively unreasonable. *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 399 (2000)). Objective unreasonableness is not merely an incorrect or erroneous decision. *Williams*, 529 U.S. at 410; *see also Ward v. Sternes*, 334 F.3d 696, 703-04 (7th Cir. 2003) ("petitioner's challenge to a decision based on a factual determination will not succeed if the petitioner merely evidences that the state court committed error. Instead, he must further establish that the state court committed unreasonable error."); *Dennis v. Mitchell*, 354 F.3d 511, 518 (6th Cir. 2003) ("federal habeas court may not grant habeas relief under § 2254(d)(2) merely because it disagrees with a state trial court's factual determination").

Moreover, § 2254(d)(2) must be interpreted in conjunction with § 2254(e)(1), which specifies both that "a determination of a factual issue made by a State court shall be presumed to be correct," and that "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Sanna v. DiPaolo*, 265 F.3d 1, 7. *See also Miller-El,* 537 U.S. at 341 (noting that to prevail under § 2254(d)(2), habeas petitioner must both disprove the factual finding by clear and convincing evidence and demonstrate that the court's factual determination was objectively unreasonable).

I.    **THE MASSACHUSETTS APPEALS COURT'S DECISION AFFIRMING THE DENIAL OF THE PETITIONER'S MOTION TO WITHDRAW HIS GUILTY PLEA WAS NOT CONTRARY TO OR AN UNREASONABLE APPLICATION OF**

**CLEARLY ESTABLISHED SUPREME COURT PRECEDENT WHERE HE KNOWINGLY AND VOLUNTARILY WAIVED HIS RIGHT TO A JURY TRIAL ON BOTH INDICTMENTS.**

The petitioner claims that his right to a jury trial on the habitual offender portion of his indictment was violated because the plea judge "unconstitutionally combined" the two charges when engaging in the plea colloquy (Pet. memo p. 6).  This claim must fail for the reasons set out below.

It is well-settled that "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Broce,* 488 U.S. at 574 (quoting *Mabry v. Johnson,* 467 U.S. 504, 508 (1984)).  A collateral challenge to a guilty plea is narrowly circumscribed to the question whether the plea was voluntary and intelligent:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce,* 488 U.S. 563, 569 (1989).  *See also Brady v. United States,* 397 U.S. 742, 747 n.4 & 748 (1969) (outlining longstanding requirement that a guilty plea must be "intelligent and voluntary to be valid").  A guilty plea is involuntary, moreover, *only* where "the accused does not understand the nature of the constitutional protections that he is waiving" or where the accused "has such an incomplete understanding of the charge [against him] that his plea cannot stand as an intelligent admission of guilt."  *Henderson v. Morgan,* 426 U.S. 637, 645 n.13 (1976) (quotation and citation omitted).

Different jurisdictions impose different procedural obligations for entry of a guilty plea, but an alleged error in the procedure for acceptance of a guilty plea is *not* subject to collateral attack in a habeas action unless that error is "constitutional [or] jurisdictional," "resulted in a 'complete miscarriage of justice,'" or resulted in "a proceeding 'inconsistent with the rudimentary demands of fair procedure.'" *United States v. Timmreck,* 441 U.S. 780, 781, 783-784 (1979) (trial court's failure to advise defendant of certain consequences of his guilty plea in violation of federal procedure for entry of guilty plea not remediable in habeas proceeding because error alleged was not of constitutional dimension). Central to the Supreme Court's rationale in *Timmreck* was that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id.* at 784.

The Supreme Court has ruled that a trial court may not accept a defendant's guilty plea "without an affirmative showing that [the guilty plea] was intelligent and voluntary." *Boykin v. Alabama,* 395 U.S. 238, 242 (1968). In *Boykin,* the Supreme Court held that in determining the voluntariness of a guilty plea, the "record must show, or there must be an allegation and evidence which show," that the defendant "intelligently and understandingly" entered a guilty plea. Central to the Court's rationale was that because entry of a guilty plea entails the waiver of three important constitutional rights -- the privilege against self-incrimination, the right to a jury trial, and the right of confrontation -- the record must affirmatively reflect that the defendant waived those constitutional rights understandingly and voluntarily. *Id.* at 242-243.

In the context of the above cited case-law, the petitioner claims that the Appeals Court's decision that his plea was knowing and voluntary was contrary to or an

8

unreasonable application of Supreme Court precedent. He bases this claim on the recent Supreme Court decisions of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 124 S. Ct. 2531 (2004), in which the Court held that the Sixth Amendment requires that any fact, other than prior convictions, which increase the penalty of a crime beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. In light of theses, cases, the petitioner argues, he was entitled to be informed that he had the right a separate jury trial on the habitual offender portion of his indictment. There are several problems with this argument.

First, the rule set forth in *Apprendi* and *Blakely* cannot apply to the petitioner's case since his conviction was final when he entered his guilty plea in 1999. *Commonwealth v. Balliro*, 437 Mass. 163, 166, 769 N.E.2d 1258, 1262 (2002) (a guilty plea is a conviction; after defendant pleads guilty "nothing more is required except for the court to give judgment and sentence"). Thus, *Teague v. Lane*, 489 U.S. 288, 301 (1989) (only cases pending on collateral review are entitled to benefit of "new rule of law") bars application of the decisions issued in 2000 and 2004 to this case. *See also Cuevas v. DeRosa*, 386 F.3d 367 (1st Cir. 2004) (per curiam) (*Blakely* does not apply retroactively to cases on collateral review); *Cook v. United States*, 386 F.3d 949 (9th Cir. 2004); *Leonard v. United States*, 383 F.3d 1146 (10th Cir. 2004); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004) . These cases, therefore, do not apply to this case.

Secondly, even if they did apply retroactively, the *Apprendi* and *Blakely* decisions, by their very holdings, do not apply to the circumstances of this guilty plea. In determining the petitioner's sentence, the plea judge considered only his prior convictions and did not make separate factual determinations to enhance his sentence. In addition, the plea judge

9

sentenced the petitioner to no more than the maximum sentence pursuant to the breaking and entering statute.  In fact, the Massachusetts habitual offender sentencing statute specifically provides that a defendant who has been twice convicted of a felony, shall be considered an habitual criminal upon the conviction of a third felony and be sentenced only to the "maximum term provided by law as a penalty for the felony for which is then to be sentenced."  *See* M.G.L. c. 266, § 18.  Therefore, the factors present in *Apprendi* and *Blakely*, which the Supreme Court found to be violative of the Sixth Amendment, are not present in this case.  The Appeals Court's decision is therefore neither contrary to or an unreasonable application of these cases and the petitioner is not entitled to habeas relief on this basis.

Moreover, the Appeals Court's decision was not contrary to or an unreasonable application of the general requirements for a guilty plea, as set out by the Supreme Court. Pursuant to *Boykin v. Alabama*, 395 U.S. 238, 242 (1968), in which the Court made it clear that a defendant must enter a plea "intelligently and understandingly," the Appeals Court properly found that "the judge advised the [petitioner] that by pleading guilty he waived his right to  trial by jury on the indictment" and that "the [petitioner] memorialized his waiver by signing a jury waiver form."  *Commonwealth v. MacLeod*, 61 Mass. App. Ct. 1105, 808 N.E.2d 331 (S.A. 5).  The motion judge also found that the petitioner admitted the facts which supported the pending breaking and entering charge and admitted that he was the same person convicted on the two charges in support of the habitual offender portion of the indictment.  (S.A. 3/14).  Questions of "historical fact" such as these that underlie the voluntariness of a guilty plea, including inferences properly drawn from such facts, are "entitled to the presumption of correctness accorded state factual findings under 28 U.S.C.

10

§ 2254(d)." *Parke v. Raley,* 506 U.S. 20, 35 (1992).  The petitioner has not rebutted this presumption by clear and convincing evidence.  The petitioner has pointed to no Supreme Court case that prohibits guilty pleas to more than one criminal charge at the same time. Where the state courts found that he admitted to the facts underlying the underlying charge and the habitual offender portion of the charge and that he voluntarily and intelligently waived his constitutional right to a jury trial, the petitioner is not entitled to habeas relief on this claim.

## II.   THE MASSACHUSETTS APPEALS COURT'S DECISION THAT THE PETITIONER DID NOT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL WAS NOT CONTRARY TO OR AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED SUPREME COURT LAW NOR IS THE PETITIONER ENTITLED TO AN EVIDENTIARY HEARING.

The petitioner also claims that he is entitled to habeas relief because his counsel for the guilty plea was constitutionally ineffective.  Since his claim regarding the voluntariness of his guilty plea must fail (see supra), he cannot claim that his counsel was ineffective for failing to advise him that he was entitled to a separate trial on the habitual offender portion of the indictment.

The petitioner's further bases for his ineffective claim were also properly dismissed by the state courts.  His self-serving affidavit, which asserts that he had permission to be in the house, is contradicted by his testimony during the plea colloquy, when he admitted committing a breaking and entering.  (See Memorandum of decision on Petitioner's Motion for New Trial, S.A. 3/14).  His claim that a letter from his attorney to the prosecutor effectively waived his right to trial, although not addressed by the state courts, is not borne out by the context of the entire letter, in which his attorney advocates for a concurrent

sentence on the pending charges. (S.A. 3/9). This attempt to get the best outcome for his client did not constitute ineffective assistance of counsel. Moreover, it is clear that only the petitioner, not his counsel, could waive his constitutional rights and he clearly did so during the plea colloquy.

The petitioner is also not entitled to an evidentiary hearing to expand the facts underlying his claims. Pursuant to 28 U.S.C. § 2254(e)(2),

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --
>
> (A) the claim relies on --
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). The petitioner has not fulfilled this standard where the facts he seeks to expand (that he had permission to be in the house) were presumably known to him at the time of the guilty plea.

12

## **CONCLUSION**

For all of the foregoing reasons, the respondent respectfully requests that the petition for a writ of habeas corpus be denied.

Respectfully submitted,
THOMAS F. REILLY
Attorney General

/s Susanne G. Reardon
Susanne G. Reardon, BBO # 561669
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
November 17, 2004                    (617) 727-2200, ext. 2832

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Thomas MacLeod, on November 17, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows:

Thomas McLeod, pro se
P.O. Box 100
South Walpole, MA 02071.

/s Susanne G. Reardon
Susanne G. Reardon