UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

THOMAS MACLEOD,                   )
            (Plaintiff),   )
                                  )
V.                                )        C.A. No. 04-11629-PBS
                                  )
DAVID NOLAN,                      )
            (Defendant).   )

PETITIONER'S REPLY TO THE RESPONDENTS OPPOSITION

Now comes the above petitioner and makes this necessary response to the inaccurate and misrepresentation recital of the "historical" facts. Contained in the respondents Opposition with the rubric "Prior Proceedings", is a grossly incorrect statement of the facts. On the first page, ¶ 1, is the following;

" On March 5,1999 a Suffolk county grand jury returned indictments for breaking and entering a building with intent to commit a felony as a habitual criminal."

It is unequivocal that the grand jury returned indictments on two seperate occasions, for two distinct offenses, and at two different dates. Moreover there is no statue anywhere for the offense of "breaking and entering a building with intent to commit a felony as a habitual criminal", in the Commonwealth laws.See Youngworth v. Commonwealth, 436 Mass. 608,609 (2002).

It is clear that a Suffolk county grand jury returned an indictment on February 17,1999 (S.A. 42-51), for the substantive offense of breaking and entering in the datime,with intent to commit a felony.(M.G.L.c266§18).

1.

And sixteen days later on March 5,1999 a Suffolk county grand jury heard further testimoney (S.A. 52-55)and Supplemental Record,(exhibit B.). And returned with an indictment for the Habitual criminal offense.(M.G.L.c279 §25).

The copies of the indictments offered by the respondent (S.A. 168-170),is further evidence that the Massachusetts courts unreasonably combined the indictments. Those copies have been altered and redacted. The document on S.A.170 ; "prior to commisions of the felony first set out in this information". Does not correspond with the document on S.A.168. That document(S.A.168), incorrectly states the incorrect date of the grand juries "True Bill". Or the indictment for the substantive offense, has been ommitted,or altered, as NO february 17,1999 date is anywhere on that indictment. Plus S.A. 169 & 170 have no headings or official state markings in the top.

The entire crux of the petitioners argument is the fact that there is no single,or seperate indictment to the distinct indictment for the Habitual indictment,offense.

Again, "[j]urisdictions deal with the recidivist issue in totally seperate proceedings", Oyler V Boles, 368 U.S. 448 (1962) Whether one is a habitual criminal is "essentially independant" of the determination of guilt on the underlying substantive offense."See Oyler supra, at 452,quoting Chandler v. Fretag, 348 U.S. 3,8,(1954).

2.

Here, the petitioner's alleged waiver of the right to a jury
trial on the habitual indictment was unreasonably applied by
the Massachusetts Courts. Any such alleged waiver was certainly
not knowinly or, voluntarily given. Obviously the Massachusetts
Courts didn't reasonably understand the requirements of a jury
trial on the Habitual indictment, pursuant to M.G.L.c278 § 11A.
Thus,"[t]he question of a effective waiver of a federal
constitutional right in a proceeding is of course governed by
federal standards". See, Boykin v. Alabama,395 U.S. 238,243 (1969).
And, Douglas v. Alabama, 380 U.S. 415,422.

For any waiver to be valid it must be,"[a]n intentional
relinguishment of a known right or privilege",Johnson v. Zerbst,
304 U.S. 458,464 (1954).

The petitioner's original sentence was in excess of the
statory limit. That sentence and the denial of a jury trial to
the habitual indictment violated the clearly established rule
articulated in Apprendi. The respondents lame Teague claim can
be sufficently dismissed by Jones V. United States, 526 U.S. 227,
at 243 n. #6. Which clearly sets the bedrock rule in Apprendi
and Blakely.(The jury trial guarantee of the Sixth Amendment
any fact that increases the maximum penalty for a crime must be
charged in the indictment, submitted to a jury).

The Massachusetts Courts unreasonably applied the petitioners
rights to a jury trial on the Habitual indictment. The Petition
should be granted.

By the Plaintiff,

December 5,2004

Thomas MacLeod, W-56485
P.O. Box 100
South Walpole, MA.02071