UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN CLERKS OFFICE

2007 JUL 24 A II: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

THOMAS MACLEOD,
          Petitioner,

v.                                    CIVIL ACTION
                                      NO. 04-11629-PBS

DAVID NOLAN,
          Respondent.

## PETITIONER'S MOTION FOR A
## CERTIFICATE OF APPEALABILITY

Now comes the above petitioner, Thomas MacLeod, ("MacLeod")
and moves this Honorable Court to issue a Certificate of Appeal-
abilty ("COA")(under 28 U.S.C. § 2253(c), For the following
grounds:

### PROCEDURAL BACKGROUND

Around June of 2004, MacLeod petitioned this Federal
Court for the Great Writ. Protesting and challenging a clearly
unreasonable application of Supreme Court precedent of a decision
rendered by the Massachusetts Appeals Court. Commonwealth v.
Thomas MacLeod, 61 Mass.app.Ct. 1105,, 808 N.E.2d 331, NO. 03-
P-1125, 2004 WL 1077954 May 13, 2004. An application for leave
to obtain further appealate review was denied by the Supreme
Judicial Court without opinion. Commonwealth v. Thomas MacLeod,
442 Mass. 1104, 819 N.E.2d 1229 (2004).

The Magistrate assigned to this matter issued her (Dein,
U.S.M.J.), decision on January 24, 2007. The Report and Recom-
medation to the District Court Judge, reckoned that the petition
be "Denied".

1.

MacLeod objected to the Report and Recommendation raising a crystal clear quibble over whether the trial court record disclosed a guilty plea that was both " intelligently and voluntarily " given. <u>Boykin</u> v. <u>Alabama</u>, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12 (1969). Moreover, MacLeod displayed a "Waiver of Defendants Rights" form that unequivocally shows a memorialized waiver at an **earlier** plea hearing before another justice, other than the justice that ulitmately took MacLeod's (alleged) guilty plea. Contrary to the Report and Recommendation MacLeod illuminated the particular significance to the clear error of the state court's determination and incorrect assessment of the validity of the guilty plea. And, that the Report and Recommendation was not "entitled to the presumption of correctness." <u>Parke</u> v. <u>Raley</u>, 506 U.S. 20, 35, 113 S.Ct. 517, 526 (1992). The Appeals Court's reliance on <u>Commonwealth</u> v. <u>Kopsala</u>, 58 Mass.app. ct. 387,, 790 N.E.2d 1093 (2003), is further misplaced and a substantial showing of MacLeod's constitutional rights to a jury trial on the habitual portion of the unreasonable and contrary decision of the Appeals Court.

MacLeod adequately established a conflict and demonstrated that the memorialized waiver was **not** signed at the change of plea hearing before Associate Justice Donovan. But had been signed at an earlier aborted hearing before another Associate Justice, McDaniel. Its clear on the Waiver form, attached hereto, that " reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were ' adequate to proceed

2.

encouragement to proceed further...'. <u>Slack</u> v. <u>McDaniel</u>, 529
U.S. 473, 483-84 (2000)(quoting <u>Barefoot</u> v. <u>Estelle</u>, 463 U.S.
880, 892-93 (1993).

Next, there is the statute in Gen. Laws ch 278,§11A, that
bears the rubric, "Habitual criminals, seperate trial on issue
of prior convictions". That **seperate trial** component requires
in mandatory language, that MacLeod, ..**shall be further inquired**
**of for a plea of guilty or not guilty...** There was no further
inquiry given to MacLeod. The Appeals Court decision is so
unreasonable in its, "There is no merit to the strained content-
ion that [this] collquy must advise a defendant redundantly that
waiver of the right to a jury trial encompasses the entire
indictment." In <u>Boykin</u>, it is required that the defendant be
(redundantly)(advised) that the waiver of a jury trial be
intelligently and voluntarily made. Chapter 278, mandates a
seperate "**further inquiry**" before sentence is imposed. The reports
tergiversation in regards, to MacLeod does not claim he would
have proceeded differently if he had been seperately advised
of his right to a jury trial. Is grossly misplaced, and somewhat
like locking the barn door after the animals have exited. As,
MacLeod has always contended that had he been advised at all
to Chapter 278's requirements he would have proceeded more
carefully and not waived his jury trial rights to the habitual
portion of the indictment.

Lastly, the Report and Recommendation to the retroactivety
of <u>Apprendi</u>, <u>Blakely</u> and <u>Booker</u>, to the judges mingling of the
substantive indictments and the Fifth Amendments rights to a
jury trial are not written in stone. And, certainly something

3.

which reasonable jurists could debate, and quite possibly
resolve in a different manner.

Therefor, with all due respect to this Court the
Certificate of Appealability should issue and MacLeod allowed
to appeal.

July 18, 2007

Respectfully Submitted,
By the petitioner,

Thomas MacLeod
1 Administration Rd.
Bridgewater,MA

Certificate Of Service

I, Thomas MacLeod, sent a copy of the above motion on Susan
Reardon, AAG, 1 Ashburton Place Boston,MA postage prepaid.
                         Thomas macLeod