# United States Court of Appeals
## For the First Circuit

No. 07-2215

THOMAS MACLEOD,

Petitioner, Appellant,

v.

DAVID NOLAN,

Respondent, Appellee.

Before

Boudin, <u>Chief Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Lynch, <u>Circuit Judge</u>.

JUDGMENT

Entered: December 4, 2007

    The request for a certificate of appealability is denied. We see no arguable issue in petitioner Thomas MacLeod's (MacLeod's) claim that the Massachusetts Appeals Court's decision was an unreasonable application of federal constitutional law. Where a defendant has entered a plea of guilty, the judgment has become final, and the defendant seeks to reopen the proceedings, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." <u>United States v. Broce</u>, 488 U.S. 563, 569 (1989). In order to determine whether a plea was voluntary, the court should determine whether the defendant was informed in open court about the nature of the charge against him, <u>id.</u>, and whether the defendant was advised in open court of the constitutional rights he was waiving by pleading guilty. See <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-43 (1968).

    The Massachusetts Appeals Court correctly identified this

principle (citing to the identical state principle as set out in Commonwealth v. Kopsala, 58 Mass. App. Ct. 387, 390 (2003)), and concluded that MacLeod's plea was voluntary. We see no arguable claim that this was an unreasonable application of the federal standard. The trial court clearly explained the contents of the indictment -- including the charge that MacLeod was a habitual criminal -- and MacLeod told the court he understood the charge. The trial court also clearly told MacLeod that he had a right to a jury trial on the charges in the indictment. MacLeod told the court that his attorney had discussed the charges with him and had explained his right to a jury trial on those charges. MacLeod signed a written waiver of his right to a jury trial. There simply is no constitutional requirement that the court also must address each element of the charge separately and redundantly and explain that the defendant has a right to a jury trial on each of those elements.

To the extent MacLeod challenges the state court's conclusion that Massachusetts law required a separate colloquy on the habitual offender charge, the claim cannot be considered in a federal habeas proceeding. See Evans v. Verdini, 466 F.3d 141, 144-45 (1st Cir. 2006) (citations omitted).

The request for a certificate of appealability is denied, and the appeal is terminated.

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
Chief Deputy Clerk.

[cc: Susanne Reardon, Esq., Thomas MasLeod]